CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

10/23/2024

LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
    DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
LYNCHBURG DIVISION

| | |
|---|---|
| MONICA GAIL GOFF,<br><br>*Plaintiff*,<br><br>v.<br><br>H&H MARKET, INC.<br><br>*Defendant*. | CASE NO. 6:24CV00049<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

Plaintiff, *pro se*, has filed a complaint form and a motion for leave to proceed in forma pauperis. Plaintiff's motion is GRANTED and the complaint is DISMISSED pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted as Plaintiff has failed to exhaust her administrative remedies, and the complaint form lacks the facts necessary to support her claims.

## FACTS

Plaintiff filed a "FORM TO BE USED BY PLAINTIFFS IN FILING A COMPLAINT UNDER THE EQUAL EMPLOYMENT OPPORTUNITIES ACT, 42 U.S.C. Chapter 21, Subchapter VI." Dkt. 1. On the form, Plaintiff writes that Defendant discharged her or engaged in unlawful employment practices on August 30, 2024 and that she filed a complaint with the Equal Employment Opportunities Commission (the "Commission") on September 4, 2024. Id. at 2. She writes that the Commission's action is "pending." Id. She has not received notice from the Commission of her right to sue. Id.

The form inquires, "What individuals were involved in your discharge or other unlawful

practice about which you are complaining?" and directs Plaintiff to explain what position each individual held and what the individual did that affected her. Plaintiff provided the following response: "Employment Discrimination has occurred against Monica G. Goff." Id. at 4.

In response to the question, "If you were fired, what reasons were given for your discharge?" Plaintiff answered, "Denied the right to apply for employment due to …Virginia Title 52.203-16 by H&H Market, Inc." Id. The subsequent question asks, "If you disagree with these reasons, what do you think were the real reasons?" Plaintiff responded, "Violation to Virginia Title 40.1-27. Preventing employment by others of former employee." Id. Plaintiff indicated she has suffered damages in the amount of $10,000,000.00 and that "[f]unding to be allocated through the 2012 Moving Ahead for Programs in the 21st Century Act … and the Highway Trust Fund." Id. at 6. Plaintiff left the form's remaining questions blank.

## DISCUSSION

A plaintiff must exhaust her administrative remedies with the Commission before filing an employment discrimination suit under Title VII in federal court. See Fort Bend Cnty. v. Davis, 587 U.S. 541, 139 S. Ct. 1843, 1846, 204 L. Ed. 2d 116 (2019). The requirement that a plaintiff must first file a charge with the Commission is a mandatory processing rule rather than a jurisdictional prescription. Id. at 1851. Accordingly, the failure to exhaust administrative remedies is properly analyzed under Rule 12 (b)(6). Aruna v. S. States Corp., 2024 U.S. Dist. LEXIS 86413 at *5 (E.D. Va. 2024) (citing Oswaldo Argueta v. Fred Smith Co., 2019 U.S. Dist. LEXIS 204733 at *3 (E.D.N.C. 2019)).

Failure to exhaust administrative remedies with the Commission will result in the dismissal of a plaintiff's Title VII claim. Id. (citing Wailes v. DeJoy, 2023 U.S. Dist. LEXIS

53930 at *6 n.4 (W.D. Va. 2023)). For a plaintiff to exhaust her administrative remedies under Title VII, she must comply with all applicable filing deadlines including "consulting with an EEO counselor in order to try to resolve the matter informally, before filing a formal complaint with the agency." Id. (citing Wailes, 2023 U.S. Dist. LEXIS at *4). The remedies to be exhausted also include an investigation of the complaint and a determination by the Commission as to whether "reasonable cause" exists to believe that the charge of discrimination is true. See, e.g. Davis v. North Carolina Dep't of Corrections, 48 F.3d 134, 137-138 (4th Cir. 1995). Here, Plaintiff indicates that she filed a complaint with the Commission on September 4, 2024 but admits that the Commission's action is "pending" and that she has not received notice from the Commission of her right to sue. Dkt. 1 at 2. Plaintiff has not plausibly alleged that she has exhausted her administrative remedies. Accordingly, this action is premature and Plaintiff's claims will be dismissed.

Additionally, Courts have a duty to dismiss a complaint filed in forma pauperis "if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). This statute "permits district courts to independently assess the merits of in forma pauperis complaints and exclude suits that have no arguable basis in law or fact." Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006) (cleaned up).

Principles requiring generous construction of pro se pleadings are not without limits. Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). Although district courts have a duty to construe pro se pleadings liberally, a pro se plaintiff must nevertheless allege facts that state a cause of action; courts are not required "to conjure up questions never squarely presented to them." Id. at 1278. A plaintiff's allegations must "provide the grounds of [her] entitlement to

–3–

relief which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do;" in other words, "factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007) (cleaned up). A complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (cleaned up). Accordingly, courts are entitled to dismiss claims when the pleadings are "conclusory." Id., 556 U.S. at 681.

Here, Plaintiff's bare assertion that "Employment Discrimination has occurred against Monica G. Goff" without a single supporting fact that would suggest any discrimination has occurred is clearly insufficient to state a legal claim upon which relief can be granted. See Dkt. 1 at 4. Plaintiff has failed to allege *any* facts, much less those sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. The complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Rule 12(b)(6).

## CONCLUSION

For these reasons, in an accompanying order, the motion to proceed in forma pauperis will be **GRANTED,** the complaint **DISMISSED** *without prejudice*, and the case **STRICKEN** from the court's active docket.

The Clerk of the Court is hereby directed to send a copy of this memorandum opinion to the pro se Plaintiff.

Entered this ___23rd___ day of October 2024.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

–4–